UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TODD JOHNSON,

                Plaintiff,

-against-

GEORGE D. SILVA, ESQ.; BISOGNO AND
MICHAEL C. MEYERSON, LLP; LAW
OFFICE OF DENNIS C. BARTLING; KELLY,
RODE, AND KELLY, LLP; GUMO LLC;
PICCIANO AND SCAHILL, PC;
MOLOPSITZ AND DESANTIS, P.C.,

                Defendants.

21-CV-5671 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, United States District Judge:

        Plaintiff Todd Johnson brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP") submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

        Plaintiff submitted an IFP application, but he does not fully answer the questions pertaining to his financial situation. In question 2, Plaintiff checks the box indicating that he is not presently unemployed, but he fails to answer the questions regarding his last date of employment and his gross monthly wages at the time. In question 3, Plaintiff checks the boxes indicating that he does not receive income from any of the listed sources, but he does not provide an answer in response to the question asking him to explain how he pays his expenses. In question 6, Plaintiff also fails to detail his housing, transportation, utilities, or other monthly expenses. Because Plaintiff fails to supply sufficient information explaining any sources of income and how he pays his expenses, it is unclear whether Plaintiff has sufficient funds to pay

the filing fees for this action. The Court is therefore unable to make a ruling on Plaintiff's IFP application.

Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended IFP application. Plaintiff must answer the questions as they pertain to his current financial situation. If Plaintiff submits the amended IFP application, it should be labeled with docket number 21-CV-5671 (LTS), and address the deficiencies indicated above by providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: July 1, 2021
        New York, New York

                                             /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                  Chief United States District Judge